UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yeniffer Romero, Individually And On Behalf Of All Other Employees Similarly Situated,<br><br>                                   Plaintiffs,<br><br>                  - against -<br><br>Dazzling Events Inc. d/b/a Dazzling Events, Royal Events Flowers Inc. d/b/a Royal Events, Antonio Mourtil, and Michael Sachakov<br><br>                                   Defendants. | Case No.<br><br>**COLLECTIVE & CLASS ACTION COMPLAINT** |

Plaintiff Yeniffer Romero, on her own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants DAZZLING EVENTS INC. d/b/a DAZZLING EVENTS, ROYAL EVENTS INC. d/b/a ROYAL EVENTS, ANTONIO MOURTIL and MICHAEL SACHAKOV (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid "spread of hours" premium, and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Yeniffer Romero is a resident of Queens County and was employed as a table and event organizer by Royal Events Flowers Inc. d/b/a Royal Events located at 168-11 Union Turnpike, Fresh Meadows, NY 11366, from on or about June 20, 2018 to September 27, 2018.

8.      Plaintiff Romero helped Defendant Sachakov, close Royal Events Flowers Inc. d/b/a Royal Events located at 168-11 Union Turnpike, Fresh Meadows, NY 11366 and move to Dazzling Events located at 574 Middle Neck Road, Great Neck, NY 11023. Plaintiff Romero began her employment with Defendant Dazzling Events and Defendant Mourtil.

9.      Plaintiff Yeniffer Romero was employed as a table and event organizer by Dazzling Events Inc. d/b/a Dazzling Events located at 574 Middle Neck Road, Great Neck, NY 11023. From on or about July 1, 2018 to October 8, 2018.

## CORPORATE DEFENDANT

### *Royal Events Flowers Inc. d/b/a Royal Events*

10.     Upon information and belief, Defendant Royal Events Flowers Inc. d/b/a Royal Events owns and operates an event and wedding planner in Queens County located at 168-11 Union Turnpike, Fresh Meadows, NY 11366.

11.     Upon information and belief, Defendant Royal Events Flowers Inc. d/b/a Royal Events had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Royal Events Flowers Inc. purchased and handled goods moved in interstate commerce.

12.     Upon information and belief, at all relevant times hereto, Corporate Defendant Royal Events Flowers Inc. have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203

13.     Corporate Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

14.     Corporate Defendant Royal Events Flowers Inc. have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

***Dazzling Events Inc. d/b/a Dazzling Events***

15.     Upon information and belief, Defendant Dazzling Events Inc. d/b/a Dazzling Events owns and operates an event and wedding planner in Long Island County located at 574 Middle Neck Road, Great Neck, NY 11023.

16.     Upon information and belief, Defendant Dazzling Events Inc. d/b/a Dazzling Events had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Royal Events Flowers Inc. purchased and handled goods moved in interstate commerce.

17.     Upon information and belief, at all relevant times hereto, Corporate Defendant Dazzling Events Inc. have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203

18.     Corporate Defendant Dazzling Events Inc., constitute an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

19.     Corporate Defendant Dazzling Events Inc., have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

20.     Upon Information and belief, Defendants Michael Sachakov and Antonio Mourtil are joint employers for Plaintiff Ramos.

## INDIVIDUAL DEFENDANTS

***Michael Sachakov***

4

21.     Upon information and belief, Defendant Michael Sachakov is the owner, officer, director and/or managing agent of Royal Events Flowers Inc. d/b/a Royal Events, located at 168-11 Union Turnpike, Fresh Meadows, NY 11366.

22.     Upon information and belief, Defendant Michael Sachakov participated in the day-to-day operations of Royal Events Flowers Inc. d/b/a Royal Events and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable for Royal Events Flowers Inc. d/b/a Royal Events.

23.     Upon information and belief, Defendant Michael Sachakov owns the stock of Royal Events Flowers Inc. d/b/a Royal Events and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

24.     At all times relevant herein, Royal Events Flowers Inc. d/b/a Royal Events was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Royal Events Flowers Inc. d/b/a Royal Events.

26.     At all relevant times, Defendant Sachakov knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wage, overtime compensation and spread-of-hour premiums and failed to provide her a wage notice and paystubs at the time of hiring in violation of the NYLL.

27.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

28.    Upon Information and believe, Defendant Sachakov owns the stock of Dazzling Events Inc., d/b/a Dazzling Events and manages and makes all business decisions including but not limited to the amount of salary the employee will receive and the number of hours employees will work.

### *Antonio Mourtil*

29.    Upon information and belief, Defendant Antonio Mourtil is the owner, officer, director and/or managing agent of Dazzling Events Inc. d/b/a Dazzling Events, located at 574 Middle Neck Road, Great Neck, NY 11023.

30.    Upon information and belief, Defendant Antonio Mourtil participated in the day-to-day operations of Dazzling Events Inc. d/b/a Dazzling Events and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable for Dazzling Events Inc. d/b/a Dazzling Events.

31.    Upon information and belief, Defendant Antonio Mourtil owns the stock of Dazzling Events Inc d/b/a Dazzling Events and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

32.    At all times relevant herein, Dazzling Events Inc. d/b/a Dazzling Events was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

33.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Dazzling Events Inc. d/b/a Dazzling Events.

34.     At all relevant times, Defendant Antonio Mourtil knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wage, overtime compensation and spread-of-hour premiums and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

35.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

36.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

37.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

### *Period I*

38.     From on or about June 20, 2018 to June 30, 2018 Plaintiff was hired by Defendant Michael Sachakov to work as a part-time event staffer for the first two weeks of employment for Defendants' events and wedding planning company located at 168-11 Union Turnpike, Fresh Meadows, NY 11366.

39.      During Period I, Plaintiff regularly worked ten (10) hours per day and four days a week. Her daily schedule ran from on or around 7:00pm to around 5:00am, from Thursday to Sunday. Plaintiff did not have any uninterrupted break during each of her workday, as such, Plaintiff worked approximately 40 hours per week.

40. At the start of her employment with Defendant Royal Events, Plaintiff received a daily rate of $100.00, regardless of the amount of hours Plaintiff worked. Plaintiff was always paid in cash.

41. At all relevant time Defendant Michael Sachakov knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wage and failed to provide her with a wage notice at the time of hiring in violation of the NYLL.

### *Period II*

42. From on or about July 1, 2018 to September 27, 2018 Plaintiff was hired by Defendant Michael Sachakov to work full time as an event organizer for Defendants' events and wedding planning company located at 574 Middle Neck Road, Great Neck, NY 11023.

43. During Period II, Plaintiff work hours varies from day's most of the time she would work over ten (10) hours per day and over forty (40) hours per week. Specifically, Plaintiff worked approximately six (6) days a week. In average her daily schedule ran from around 9:00am to around 11:00pm most of the days. Plaintiff did not have any uninterrupted break during each of her workday, as such, Plaintiff worked approximately eighty-four (84) hours per week.

44. During Period II, Plaintiff was promised an hourly rate of $10.00 per hour regardless of the amount of hours Plaintiff worked, however, she did not receive all the payment Defendants promised.

45. During Period II, Plaintiff was paid weekly in cash.

46. During the work week of July 20, 2018 to July 26, 2018 and July 27, 2018 to August 2, 2018, Defendant promised to pay Plaintiff Romero 1,464.66. On August 3, 2018, Defendant paid Plaintiff $1,200.00 in cash. For these two work week, Defendant still owes Plaintiff $264.66.

47.     During the work week of August 3, 2018 to August 9, 2018, Defendant promised to pay Plaintiff Romero $665.00. On August 10, 2018 Defendant paid Plaintiff $600.00 in cash. For this work week, Defendant owes Plaintiff $65.00.

48.     During the work week of August 24, 2018 to August 30, 2018, Defendant promised to pay Plaintiff Romero $819.50, Defendant paid Plaintiff Romero $500.00. For this work week, Defendant owes Plaintiff Romero $319.50.

49.     Defendants did not compensate Plaintiff for all hours worked.

50.     Defendants did not compensate Plaintiff for minimum wages according to state and federal laws.

51.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

52.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

53.     Defendants did not provide Plaintiff with a wage notices at the time of her hiring.

54.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

55.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

56.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

57.     Plaintiff and the New York Class Members' workdays frequently lasted longer than 10 hours.

58.     Defendants did not pay Plaintiff and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

59.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

60.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

61.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

62.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

63.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their event and wedding planning company for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action

Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

64.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

65.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

66.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

67.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

68.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

69.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

70.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

71.    Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their event and wedding planning location doing business as Royal Events on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

72.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

73.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than six (6) members of the class.

74.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure

to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

75.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently,  and  without  the unnecessary  duplication  of  efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The  adjudication  of  individual  litigation  claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of

conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

77.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

78.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are entitled to minimum wages under the New York Labor Law;

c. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

f. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff, the FLSA Collective]**

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

81.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

82.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

83.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

84.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

85.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

86.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of the Plaintiff, the Rule 23 Class]**

87.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

90.    Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III

**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

91.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

93.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

94.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

95.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

96.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

97.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

98.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

99.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

101.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

102.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

103.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

105.     Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

106.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

108.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

109.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

110.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

111.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

113.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

114.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a)  Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)  Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)  Certification of this case as a collective action pursuant to FLSA;

e)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)    An injunction against corporate defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid minimum wages due under FLSA and New York Labor Law;

i) An award of unpaid overtime wages due under FLSA and New York Labor Law;

j) An award of unpaid "spread of hours" premium due under the New York Labor Law;

k) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

m)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to New York Labor Law;

n)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

h)  The cost and disbursements of this action;

i)  An award of prejudgment and post-judgment fees;

j)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

k)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York                    HANG & ASSOCIATES, PLLC
       September 6, 2019

                                   _/s/ Jiajing Fan
                                   Jiajing Fan, Esq.
                                   136-20 38th Avenue, Suite 10G
                                   Flushing, New York, 11354
                                   Tel: (718)353-8522
                                   jfan@hanglaw.com
                                   *Attorneys for Plaintiff*

# EXHIBIT I

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Royal Events Flowers, Michael Sachakov and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

### *SPANISH TRANSLATION:*

### CONSENTIMIENTO PARA DEMANDAR BAJO
### LEY DE NORMAS LABORALES FEDERALES

Soy un empleado actualmente o fui empleado anteriormente por ~~AEB Service Corporation, 1131 Sasco Hill Road LLC, Andrew Beer~~ *Royal Events Flowers* y/o entidades relacionadas. *Michael Sachakov.*

Doy mi consentimiento para ser demandante en una acción para cobrar los salarios no pagados. Estoy de acuerdo en que estoy obligado por los términos del Retención Contingente de Tarifas firmados por el demandante nombrado en este caso.

*Yeniffer Roman*

Full Legal Name (Print)

*[signature]*

Signature

*2/14/19.*

Date