# **HANG & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

September 24, 2020

Jiajing Fan, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jfan@hanglaw.com

**VIA ECF:**
Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Romero v. Dazzling Events Inc. et al

Case 1:19-cv-5133

Letter Motion to Approve Proposed Settlement Agreement

Dear Judge Bloom:

This firm is counsel to the Plaintiff in the above-referenced action. I respectfully submit this letter motion on behalf of Plaintiff Yeniffer Romero and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil for approval of the Parties' negotiated Proposed Settlement Agreement and Release (the "Settlement Agreement") herein attached as **Exhibit A**.

For the reasons set forth below, the Parties respectfully request that the Settlement Agreement be approved pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and be found to be fair and reasonable in accordance with the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

    I.  **Plaintiff's Allegations and Defendants' Responses**

This action was originally brought by Plaintiff on September 9, 2019 for alleged failure to pay minimum wages, overtime wages, spread of hours, failure to give a wage notice at time of hiring, failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff alleged that Plaintiff Romero ("Plaintiff") was a former employee of Dazzling Events Inc. d/b/a Dazzling Events, Royal Events Flowers Inc. d/b/a Royal Events, Antonio Mourtil, and Michael Sachakov ("Defendants"). Plaintiff alleged that she was employed as a table and event organizer by Defendants., from on or about June 20, 2018 to October 8, 2018.

Plaintiff alleged that from June 20, 2018 to June 30, 2018, she worked in business premise at 168-11 Union Turnpike, Fresh Meadows, NY 11366. She alleged that during this time she worked about 40 hours per week and was allegedly paid with a daily rate of $100.

Plaintiff alleged that from July 1, 2018 to September 27, 2018, she worked in business premise at 574 Middle Neck Road, Great Neck, NY 11023, for 84 hours per week. During this period, she alleged that she was paid $10 per hour regardless of the amount of hours she worked.In addition she alleged she was owed for part of the salary from Defendants.

Plaintiff alleged that she did not receive proper minimum wage and spread of hour during the relevant period. She also alleged she had never received proper wage Notice and paystubs.

Defendants Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil deny the allegations asserted by Plaintiff, and specifically deny any potential liability. Among other matters, Defendants Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil deny Plaintiff was ever an employee of them.

Defendants Royal Events Flowers Inc. d/b/a Royal Events and Michael Sachakov did not show appearance of the case and failed to response to Plaintiff's claims.

In sum, there is a bona fide dispute between the Plaintiff and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil, regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

**II.     Settlement Amount**

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $25,000.00, including attorney's fees. The demand was wholly based on Plaintiff's calculation of the maximum possible recovery if she was able to establish each and every claim including the liquidated damages (an amount which was disputed by Defendants).

The Plaintiff and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil engaged in good faith settlement discussion. There was no settlement conference previously held in this case. After having a lengthy settlement discussions, Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil agreed on the settlement amount of $5,500.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions in the litigation.

The gross settlement amount is $5,500.00, inclusive of Plaintiff's counsel's fees and costs of $2,208.67, and settlement payments to Plaintiff of $3,291.33. The attorney's fees and costs are

2

allocated as follows: $1,645.67 for fees, and $563.00 for costs. Plaintiff's counsel's attorney bill and invoices are herein attached as **Exhibit B**. This gross settlement amount reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, overtime wages, spread of hours, failure to give a wage notice at time of hiring, failure to provide paystubs, and unlawful retention of gratuities.

### III. The Settlement Agreement is Fair and Reasonable

Plaintiff seeks final approval of the Settlement Agreement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), The Plaintiff and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil are in agreement that this settlement is fair, reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

As articulated in *Wolinksy*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the Parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

#### A. The Range of Possible Recovery

Based on damage calculations prepared by Plaintiff's counsel relying on Plaintiff's allegations, Plaintiff contends that she was owed for $4,890.00 in back wages and $19,780.00 for statutory penalties, liquidated damages. These calculations, however, do not factor Defendants Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil' defenses asserted in the litigation and the inherent risks and uncertainties of a Motion to Dismiss and of proceeding with a jury trial. Notwithstanding, after extensive settlement discussions, the Plaintiff and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil were able to negotiate a Settlement Agreement for $5,500.00, inclusive of attorneys' fees and costs.

#### B. The Seriousness of the Litigation Risks Faced by the Parties

Considering the risks and the uncertainty of trial, Plaintiff's counsel believe that this settlement is a fair result and should thus be approved. See e.g. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate

indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted). In addition, the cost of the Settlement Amount is substantially less than the anticipated cost trial. By settling now rather than litigating further, Plaintiff avoids the risk of losing at a Motion to dismiss, losing of trial or, even if prevailing at trial, avoids the inability to collect due to the financial hardship faced by Defendants. Continued litigation therefore will negatively impact the Plaintiff's chances at any recovery. Most importantly, Plaintiff understands the situation, is satisfied with the settlement amount, and voluntarily and willingly entered into the Settlement Agreement.

### C. The Settlement Negotiations Occurred at Arm's Length

From the onset of this case the Plaintiff and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil engaged in communications and discussions in an effort to settle this matter, through their counsel. Thereafter, through arm's length negotiations after formal discovery, they reached an agreement to proceed this case in a more time efficient and practical way as it is reflected in the mutually agreed and fully executed Settlement Agreement.

### D. The Proposed Settlement Does Not Conflict with the *Cheeks* Admonitions

The settlement agreement does not contain any terms that would militate against the Court approving it. See *Nieto v. Izzo Construction Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (Levy, Mag.). For instance, the agreement does not contain a confidentiality or non-disparagement clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood v. Carlson Restaurants Inc.*, No. 14 CIV. 2740 AT GWG, 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (citing *Lopez v. Nights of Cabiria, LLC*, No. 14 Civ. 1274, 2015 WL 1455689, at *5 (S.D.N.Y. Mar. 30, 2015)); also compare *Ezpino v. CDL Underground Specialists, Inc*., No. 14CV3173DRHSIL, 2017 WL 3037483, at *2-3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) (citing *Cheeks*, 796 F.3d at 206) (approving settlement agreement where it did not "contain a confidentiality provision nor does it contain a non-disparagement clause"); with Gonzalez, 2015 WL 6550560, at *3 (citing *Cheeks*, 796 F.3d at 206) (declining to approve FLSA settlement containing a confidentiality provision).

Other factors present do not weigh against approval of the settlement. This matter was not conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer working for the Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

### E. Plaintiff's Counsel Is Entitled to Reasonable Attorney's Fees and Costs

The Settlement Agreement also provides for reasonable attorney's fees. Pursuant to my firm's agreement with the Plaintiff Salto, the firm will be reimbursed $563.00 in filing fees/costs, and retain 1/3 of the remaining settlement amount of $4,937, which comes to a total of $ 2,208.67.

Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorney's fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. See, e.g., *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks*, 796 F3d at 206 (citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contract disputes. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C.. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $350.

I, Jiajing Fan, Esq., have been practicing in employment and labor laws since September 2018. I received LLM-Legal Institutions Degree from the University of Wisconsin Madison Law School in 2016. From 2016 to 2017, I was a part-time volunteer advocate in Unemployment Appeals Clinic in Wisconsin, I provided representation to low income unemployed workers in unemployment compensation hearings and Labor & Industry Review Commission (LIRC) appeals. Before I joined Hang & Associates, I had litigation assistance experience in housing laws litigations in Legal Actions of Wisconsin from December 2017 to May 2018. Since September 2018, I have had substantial experience litigating FLSA matters from pleading to trial representing both employees and employers. I have dedicated the majority of my time to FLSA matters including more than 30 cases in this District alone. In addition to FLSA cases, I have litigated employment matters arising under Title VII. In addition, I represent employers before federal and state agencies such as the National Labor Relations Board, Equal Employment Opportunity Commission, and New York State Human Rights Division, and Occupational Safety and Health Administration (OSHA). Hang Law has routinely billed my service to clients since January 2019, including FLSA matters, at $250 to $300 per hour.

Hang & Associates spent $45.8 hours on this matter, and had it been billing hourly, it would have incurred fees and costs of $12,410.00.

**IV.   Conclusion**

      For the foregoing reasons, counsel for Plaintiff and Dazzling Events Inc. d/b/a Dazzling Events, Antonio Mourtil respectfully submit that the Proposed Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Proposed Settlement Agreement.

                                                    Respectfully submitted,

                                                   */s/ Jiajing Fan*
                                                   Jiajing Fan, Esq.


cc: Defense Counsel (by ECF)