UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
YENIFFER ROMERO,[1]

                 Plaintiff,           **REPORT AND RECOMMENDATION**

       - against -                **19 CV 5133 (AMD) (LB)**

DAZZLING EVENTS INC. *d/b/a* DAZZLING
EVENTS, ROYAL EVENTS FLOWERS INC.
*d/b/a* ROYAL EVENTS, ANTONIO MOURTIL,
and MICHAEL SACHAKOV,

                Defendants.
--------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff, Yeniffer Romero ("plaintiff"), brings this action against defendants, Dazzling

Events Inc. d/b/a Dazzling Events ("Dazzling Events"), Royal Events Flowers Inc. d/b/a Royal

Events ("Royal Events"), Antonio Mourtil, and Michael Sachakov, alleging that defendants

violated her rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL") by failing to pay required minimum wages, overtime compensation, and "spread of

hours" premiums, and by failing to provide a wage notice and paystubs as required under NYLL.

Compl. ¶¶ 3-4, ECF No. 1.  Plaintiff's counsel filed the parties' motion for approval of a settlement

between plaintiff and defendants Dazzling Events and Mourtil (collectively "the Dazzling Events

defendants") on September 24, 2020.  Mot. Approve Proposed Settlement Ag., ECF No. 21

[hereinafter "Settl. Mot."].  In addition, plaintiff's counsel filed a motion for a default judgment as

to defendants Royal Events and Sachakov (collectively "the Royal Events defendants") on October

10, 2020.  Notice Mot. Default J., ECF No. 25.  The parties' motion for settlement approval and

plaintiff's default motion were referred to me for a Report and Recommendation pursuant to 28

---

[1] Although plaintiff brought the case "on her own behalf and on behalf of all others similarly situated," Compl. 1, ECF No. 1, plaintiff settles this matter and moves for default individually—not on behalf of a collective or class.  See ECF Nos. 21-1, 25-1.

U.S.C. § 636(b).  Electronic Order 9/25/2020; Electronic Order 10/13/2020.  For the reasons set forth below, it is respectfully recommended that the parties' motion for settlement approval should be granted and plaintiff's motion for a default judgment should be denied.

## BACKGROUND[2]

Plaintiff's complaint alleges willful wage and hour violations of  the NYLL and FLSA and seeks to recover (1) unpaid minimum wages, (2) unpaid  overtime compensation, (3) unpaid "spread of hours" pay, (4) statutory penalties for failure to provide a wage notice and wage statements, and (5) liquidated damages, (6) fees, (7) costs, and (8) interest.  Compl. ¶¶ 2-4.

Plaintiff was employed as "a table and event organizer" by Royal Events, "an event and wedding planner," owned by Sachakov and located at 168-11 Union Turnpike, Fresh Meadows, New York, from on or about June 20, 2018.  Id. ¶¶ 7, 10, 21.  Plaintiff helped defendant Sachakov "close" Royal Events and "move to" Dazzling Events, another "event and wedding planner," owned by Mourtil and located at 574 Middle Neck Road, Great Neck, New York, where plaintiff was employed as a table and event organizer by Dazzling Events from on or about July 1 to September 27, 2018.[3]  Id. ¶¶ 7-9, 15, 29.

After being hired as a part-time employee for Sachakov at Royal Events, id. ¶¶ 38-40, plaintiff was then hired to work full time at 574 Middle Neck Road from on or about July 1, 2018, id. ¶ 42.[4]  After becoming a full-time employee, plaintiff's hours varied, but she worked

---

[2] The facts in this section are drawn from plaintiff's complaint and are accepted as true for the purpose of deciding the motion for default judgment.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted.").

[3] The Court credits that plaintiff was employed only up until September 27, 2018, as reflected in the Cheeks motion, see Settl. Mot. 2 ("Plaintiff alleged that from July 1, 2018, to September 27, 2018, she worked in business premise [sic] at 574 Middle Neck Road, Great Neck, NY 11023," although the complaint alleges that she worked for Dazzling Events until October 8, 2018.  Compare Compl. ¶¶ 7, 42, with id. ¶ 9.

[4] The complaint alleges that defendants Sachakov and Mourtil were "joint employers for Plaintiff Ramos."  Compl. ¶ 20 (emphasis added).  Presumably, plaintiff's counsel meant plaintiff Romero.

approximately eighty-four (84) hours per week, usually six (6) days a week from around 9:00 a.m. to around 11:00 p.m., without any uninterrupted breaks. Id. ¶¶ 42-43.  Although she was not given a wage notice at the time of hire, plaintiff was promised an hourly rate of $10.00.  Id. ¶¶ 44, 53. Plaintiff's pay varied each week, see id. ¶¶ 44, 46-48,[5] and she was paid weekly in cash, id. ¶ 45, but was not compensated properly for all hours worked, see id. 49-52.

## PROCEDURAL HISTORY

Plaintiff commenced this action on September 9, 2019. ECF No. 1.  After being granted an extension of time to respond to the complaint, ECF No. 9, defendants Dazzling Events and Mourtil appeared and requested a pre-motion conference on November 26, 2019, ECF No. 10, in anticipation of moving to dismiss the complaint. On December 20, 2019, plaintiff requested leave to serve defendant Sachakov by alternative means, specifically via WhatsApp.  ECF No. 11. Because plaintiff failed to demonstrate that serving Sachakov by traditional methods was impracticable, the request was denied, but the Court *sua sponte* extended the deadline to serve Sachakov until February 3, 2020, under Rule 4(m).  Electronic Order 12/26/2019.  After plaintiff renewed her request to serve Sachakov via WhatsApp, ECF No. 13, the Court held an initial conference in this case on March 26, 2020, at which time defendants Dazzling Events and Mourtil were ordered to produce to plaintiff the last known address for defendant Sachakov that was used to send his W-2 tax form and deferred setting a briefing schedule for defendants' anticipated motion to dismiss. Electronic Order 3/26/2020.  Plaintiff's renewed request to serve Sachakov via WhatsApp was denied, but the deadline to serve Sachakov was extended until May 15, 2020.  Id.

---

[5] Plaintiff alleges that for the weeks of July 20 to July 26, 2018, and July 27 to August 2, 2018, plaintiff was promised $1,464.66 but was only paid $1,200.00 and is still owed $264.66.  Compl. ¶ 46.  For the week of August 3 to August 9, 2018, plaintiff was promised $665.00 but was only paid $600.00 and is still owed $65.00.  Id. ¶ 47.  For the week of August 24 to August 30, 2018, plaintiff was promised $819.50 but was only paid $500.00 and is still owed $319.50.  Id. ¶ 48.

Upon plaintiff's request, ECF No. 16, the deadline to serve Sachakov was extended again until May 26, 2020, in light of the COVID-19 public health emergency.  Electronic Order 5/19/2020.

On April 15, 2020, defendants Dazzling Events and Mourtil provided two addresses for Sachakov, reporting that "[t]he address on the W-2 issued to Moshe Sachakov is 82-33 164th Place, Jamaica, NY," but "further [] advised that at Mr. Sachakov's request, the W-2 was mailed to 144 South Parliman Road, Lagrangeville, NY 12540." ECF No. 15.  Plaintiff directed the process server to serve Sachakov at both the Jamaica and Lagrangeville addresses, see ECF No. 16-1, and on May 27, 2020, filed an affidavit of service, ECF No. 17, reflecting service on a John Doe.

On July 16, 2020, Judge Donnelly held a pre-motion conference regarding the amended request, ECF No. 14, filed by Dazzling Events and Mourtil. Counsel for plaintiff and for defendants Dazzling Events and Mourtil appeared, but Royal Events and Sachakov failed to appear.  Minute Entry 7/16/2020.  The parties reported that a settlement in principle had been reached between plaintiff and Dazzling Events and Mourtil. Id.  Accordingly, the parties were directed to file their motion for settlement approval in accordance with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and to file a status report by August 21, 2020, to inform the Court as to how plaintiff wished to proceed against Royal Events and Sachakov. Id.  Plaintiff filed the motion for settlement approval on September 24, 2020, ECF No. 21, and after being granted multiple extensions, see Electronic Orders 8/24/2020, 8/27/2020, 10/06/2020, plaintiff moved for a default judgment against Royal Events and Sachakov on October 10, 2020, ECF No. 25.  The motions for settlement approval and for a default judgment were referred to me for a Report and Recommendation.  Electronic Order 9/25/2020; Electronic Order 10/13/2020.

**DISCUSSION**

**I.**     **Approval of the Settlement as to Defendants Dazzling Events and Mourtil**

A.  Standard for Approving FLSA Settlements

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues[.]" Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotation marks omitted); Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020)  (noting that district courts "typically evaluate the fairness of a settlement agreement by considering the factors outlined in Wolinsky . . . ").  Furthermore, courts in this Circuit have rejected restrictive confidentiality provisions and overbroad liability releases in FLSA

settlement agreements.  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3-5 (S.D.N.Y. Nov. 6, 2015) (collecting cases).  "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation."  Fisher, 948 F.3d at 606 (citation omitted).

### B. The Settlement is Fair and Reasonable

The instant motion for settlement approval includes the parties' proposed settlement agreement.  See Settlement Agreement, ECF No. 21-1 [hereinafter "Settl. Ag." or "Agreement"].  Defendants agree to pay plaintiff a total settlement of $5,500.00. Settl. Ag. ¶ 1.  Of the total amount, plaintiff shall be paid $3,291.33, and plaintiff's counsel shall be paid $2,208.67, inclusive of fees and costs.  Id.  The settlement payment shall be made in two lumps sums, with separate checks made payable to plaintiff and plaintiff's counsel respectively, within fourteen (14) days of the Court's approval of the settlement.  Settl. Ag. ¶ 2.[6]

After plaintiff made an initial demand of $25,000.00, inclusive of attorney's fees, the parties agreed to settle the case for $5,500.00 to avoid the risk, burden, and expense of litigation.  Settl. Mot. 2.  According to plaintiff's counsel's damages calculations based on plaintiff's allegations, plaintiff "contends that she was owed for $4,890.00 in back wages and $19,780.00 for statutory penalties, liquidated damages." Settl. Mot. 3.[7]  Counsel also represents that the settlement was reached after discovery and arm's-length bargaining.  Id. at 4.

---

[6] The parties have agreed that, in the event that defendants default on paying the settlement amount, defendants shall be responsible for reasonable fees and costs to enforce the judgment.  See Settl. Ag. ¶ 3.

[7] In her default motion, plaintiff argues that she is owed a total of $21,961, inclusive of $4,890 in back pay, $1,716 in spread-of-hours pay and liquidated damages under NYLL, $4,890 in liquidated damages under FLSA, $10,000.00 in statutory penalties under NYLL, and $465 in pre-judgment interest. Pl.'s Mem. Supp. Mot. Default J. 8, 11, ECF No. 25-1.  Plaintiff calculates that she is owed $160.00 for the period of June 20 to June 30, 2018, when she was employed only by Royal Events and Sachakov. See ECF No. 25-8 at 1.  For the period when she alleges that she was working full time at Dazzling Events, from July 1 to September

Having reviewed the entire record in this case and having heard the parties' arguments, I conclude that plaintiff's recovery is reasonable under the instant circumstances. The parties assert "a bona fide dispute . . . regarding the merits of Plaintiff's wage and hour claims." Settl. Mot. 2. The settlement provides plaintiff with certainty regarding what she will recover from defendants in a case where the burdens and risks of proceeding with litigation would be high. Because the parties reached a settlement prior to the start of formal discovery and briefing on defendants' anticipated motion under Rule 56, see ECF No. 14, the parties avoided the burdens and costs of completing discovery, motion practice, and trial preparation. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (citation omitted) (approving FLSA settlement and noting how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation."). The parties' settlement is the product of arm's-length negotiations between counsel, and the record does not reflect any fraud or collusion. Taking into account the parties' genuine disputes as to liability and damages in this case, I find that plaintiff's recovery is fair and reasonable.

In addition, the agreement does not contain any terms that would preclude approval. For example, the Agreement does not contain a confidentiality provision or non-disparagement clause or an overbroad release. The Agreement provides that plaintiff shall release Mourtil and Dazzling

27, 2018, plaintiff calculates that she was owed $4,810 in wages and $858 in spread of hour premiums. See ECF No. 25-8 at 2. This calculation assumes that plaintiff is owed unpaid minimum wages and overtime of $326 per week, and plaintiff approximates that she was owed $1,166 per week but was only paid $840 per week  ($11x40 + 16.50x44 - $840). See id.

In light of the foregoing, plaintiff individually would receive less than the full amount of pay that she alleges she is entitled to from Dazzling Events and Mourtil, see id. (calculating $4,810 in wages and $858 in spread of hour premiums), but the total settlement amount exceeds the back-pay she alleges that she is owed by Dazzling Events and Mourtil under FLSA.

Moreover, plaintiff's damages calculations are likely inflated, as the basic arithmetic is wrong and they do not account for the weeks when plaintiff alleges and declares she was owed less than $326 per week, see Compl. ¶¶ 46-48; Romero Aff. ¶¶ 8-10; supra note 5. Furthermore, plaintiff alleged that her "work hours varies from day's [sic] most of the time she would work over ten (10) hours per day and over forty (40) hours per week." Compl. ¶ 43 (emphasis added).

Events, and, while the Agreement's release is poorly drafted, it is appropriately tailored to plaintiff's wage and hour claims up until the date of the Agreement.  See Settl. Ag. ¶ 1 (referring to plaintiff's "specific release of all wage-and-hour claims which were or could have been asserted in the Complaint only against Releasees. . . "); see also id. ¶ 4 (reflecting the heading "Wage and Hour Release by Releasor"). [8] Because plaintiff's release is tailored to wage and hour claims, I find that it is fair and reasonable.  See Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)) ("In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'").

I also find that the fee award is reasonable.  The Court evaluates the reasonableness of the attorney's fee to ensure that the simultaneous negotiation of the settlement of plaintiff's claims and the attorney's fee does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery.  See Wolinsky, 900 F. Supp. 2d at 336. Although "there is a greater range of reasonableness" when the parties agree to a fee amount through negotiation, the Court nonetheless "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Id. (citation and internal quotation marks omitted).  A "fee applicant

---

[8] The release covers "***Dazzling Events Inc., and its*** current and ***former*** parents, subsidiaries, divisions, branches, and assigns and ***affiliated and related companies or entities***, and its ***predecessors,*** successors, insurers, employee benefit plans,  and present and ***former directors, officers, partners, shareholders, fiduciaries, representatives, agents,*** attorneys ***and employees*** . . ." Settl. Ag. ¶ 4(a) (emphasis added).  In light of plaintiff's motion for a default judgment, the Court presumes that the parties did **not** intend to release Sachakov or Royal Events.  See ECF No. 14 at 2 (stating that Sachakov was an employee of Dazzling Events from on or about October 2018 until June 2019).  I recommend approval of the settlement agreement based on that understanding of the release.

If any party disagrees with this construction of the release, that party shall object to the Report within fourteen days.  Cf. Souffrant v. 14-15 Mertens Place Corp., No. 19 Civ. 5482, 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (presuming that the parties' goal was "more modest" and providing an opportunity to object to the Court's construction).

must submit adequate documentation supporting the requested attorneys' fees and costs," and the Court reviews the contemporaneous time records to assess the reasonableness of the proposed fees. Fisher, 948 F.3d at 600, 606 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)); Lopez, 96 F. Supp. 3d at 181 (citation omitted) ("[A] proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'").  The Second Circuit has "instructed that 'the reasonableness of the fees does not turn on any explicit percentage cap,' and instead, 'the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.' Nevertheless, while the percentage of attorney's fees cannot be 'determinative,' it can be 'helpful.'" Valencia v. Nassau Country Club, No. 18 CV 02724, 2020 WL 6867911, at *2 (E.D.N.Y. Nov. 23, 2020) (internal citations omitted); see also Fisher, 948 F.3d at 602 (concluding that the district court "erred in evaluating the fees portion of the settlement agreement as a separate fee application rather than as part of a complete settlement agreement").

Here, plaintiff's counsel submits time records for 45.80 hours of work and seeks $1,645.67 in fees and $563.00 for costs.  Settl. Mot. 3, 5.  After deducting for costs, counsel's recovery represents one third of the total settlement amount and is far less than the calculated lodestar.  See Settl. Mot. Ex. B, ECF No. 21-2 at 5.  In light of the recovery obtained for plaintiff, and having reviewed the detailed time records,[9] I find that the fee award of $1,645.67 is fair and reasonable.[10] See Calle v. Elite Specialty Coatings Plus, Inc., No. 13 CV 6126, 2014 WL 6621081, at *3

---

[9] Counsel's time records include financial-account numbers in contravention of Rule 5.2. See Fed. R. Civ. P. 5.2 ("Privacy Protection For Filings Made with the Court"). Accordingly, the Clerk of Court is directed to restrict access to ECF No. 21-2, to case participants only.

[10] While I find that the total fee amount is fair and reasonable and recommend approval of the settlement, I do not reach the question of whether counsel's requested rates and hours are reasonable.  Even if the rates and excess time were slashed, the Lodestar would still be greater than the fee amount under the settlement. In light of this fact and because I recommend denying the default motion due to service defects, it is unnecessary to opine regarding counsel's claimed billing rates and hours expended.

(E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

The cost award is also reasonable. A cost award generally includes "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Fisher, 948 F.3d at 600 (citations omitted).  Here, plaintiff seeks $563.00 "in filing fees/costs," Settl. Mot. 4, but does not provide itemized receipts for the expenses.  However, in connection with plaintiff's default motion, plaintiff's counsel declares under penalty of perjury that plaintiff incurred $400 to file the case and $437.00 in service fees.[11]   The Court may take judicial notice of the $400 filing fee.[12]  See, e.g., Philip Morris USA, Inc. v. Jackson, 826 F. Supp. 2d 448, 453 (E.D.N.Y. 2011).  The remaining amount, $163.00, is not outside the range of what it typically costs to serve two defendants with process in this district.  Moreover, the summonses returned executed for Mourtil and Dazzling Events note invoice numbers from the process server.  See ECF Nos. 5, 7.  As such service expenses "appear to be reasonable, incidental, and necessary to the representation of [plaintiff] in this action," Fisher, 948 F.3d at 601, and there is some documentation in the record to support that the expenses were indeed incurred, see also ECF No. 11-1, I find that the cost award is fair and reasonable.[13]

Because I find that the Agreement is fair and reasonable, I respectfully recommend that the motion for settlement approval should be granted.

---

[11] "Plaintiff's expenses, thus far have totaled $837, including a $400 filing fee, $437 process server fee." Fan Affirmation ¶ 29, ECF No. 25-2.
[12] See Dkt. Entry 9/9/2019 (noting receipt No. ANYEDC-11830806).
[13] Plaintiff's counsel is warned, however, that such sloppy submissions will not be tolerated in the future. It is not the Court's job to search the record for explanations and adequate documentation of counsel's costs.

## II.     Denial of Plaintiff's Motion for a Default Judgment as to Defendants Royal Events and Sachakov

Although I recommend granting the motion for settlement approval as to defendants Dazzling Events and Mourtil, plaintiff's motion for a default judgment as to defendants Royal Events and Sachakov should be denied for the following reasons.

### A.   Requirements for Entering a Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment.  See Fed. R. Civ. P. 55(b)(2).

The Second Circuit has an "oft-stated preference for resolving disputes on the merits," making default judgments "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default."  Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  Although on a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted," Transatlantic Marine Claims Agency, Inc., 109 F.3d at 108, the Court still has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief," Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).  In other words, "[a]fter default . . . it remains for the court to

consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." <u>Rolls-Royce PLC</u>, 688 F. Supp. 2d at 153 (citation omitted).

Furthermore, on a motion for a default judgment under Rule 55, the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Secs. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). "There must be an evidentiary basis for the damages sought . . ." <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012). While the Court must ensure there is an evidentiary basis for the damages requested, the Court has discretion in deciding whether to make a determination based on evidence presented at a hearing or based on review of documentary evidence alone without a hearing. <u>See</u> <u>id.</u>

In addition to the requirements of Rule 55, plaintiff must follow this Court's Local Rules. <u>See</u> <u>Contino v. United States</u>, 535 F.3d 124, 126 (2d Cir. 2008) (citation omitted) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.");[14] <u>Miss Jones, LLC v. Viera</u>, No. 18 CV 1398, 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), <u>report and recommendation adopted</u>, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019) (quoting <u>Bhagwat v. Queens Carpet Mall, Inc.</u>, No. 14 CV 5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015)) ("[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules."). Local Civil Rule 55.2(b) provides that a party seeking default judgment by the Court "shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has

---

[14] Although district courts have authority to determine when a party's noncompliance with a local rule may be excused, <u>Contino</u>, 535 F.3d at 126, plaintiff's noncompliance should not be excused in this case.

been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b).  Further, the Local Rule requires that "all papers submitted to the Court" pursuant to Local Civil Rule 55.2(b) must "simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)."  Loc. Civ. R. 55.2(c); see also Comm. Note, Loc. Civ. R. 55.2 (noting the Committee's view that "experience has shown that mailing notice of [] an application [for a default judgment] is conducive to both fairness and efficiency").

Moreover, "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." Sinoying Logistics Pte. Ltd v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010) (citations omitted).  As part of this inquiry, the Court reviews whether the party against whom the default judgment is sought has been properly served.  See Windward Bora, LLC v. Valencia, No. 19 CV 4147, 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020) (collecting cases), report and recommendation adopted, 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020) (explaining that before the Court can exercise personal jurisdiction over a defendant by way of a default judgment, plaintiff must effect proper service of process upon the defendant); Yan v. Bocar, No. 04 Civ. 4194, 2005 WL 3005338, at *4 (S.D.N.Y. Sept. 30, 2005) ("Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant."); see also United States v. Morse, No. 12 CV 129, 2013 WL 427177, at *1 (N.D.N.Y. Feb. 4, 2013) ("Before reaching the question of default judgment, the Court reviews the affidavit of service.").[15]

---

[15] The Court notes that plaintiff properly served the summons and complaint on Royal Events by serving the Secretary of State on September 24, 2019, pursuant to § 306 of the New York Business Corporation Law.  See Aff. of Service, ECF No. 6; see also N.Y. C.P.L.R. § 311(a)(1); Fed. R. Civ. P. 4(h)(1).

B.  Plaintiff has Not Shown Proper Service of Process on Defendant Sachakov

"Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on an individual." Yan, 2005 WL 3005338, at *4.  Rule 4(e) provides in pertinent part that a plaintiff may effect service of process on an individual 1) by following state law "in the state where the district court is located or where service is made," i.e., New York state law in this case, or 2) by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  See, e.g., Bergman v. Kids By the Bunch Too, Ltd., No. 14 CV 5005, 2018 WL 1402249, at *4 (E.D.N.Y. Feb. 16, 2018), report and recommendation adopted, 2018 WL 1401324 (E.D.N.Y. Mar. 20, 2018) (quoting Fed. R. Civ. P. 4(e)(1), (2)(B)).  Under New York's Civil Practice Law and Rules, "as an alternative to personal service, a plaintiff may effect service of process on an individual by 'delivering the summons . . . to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served' and 'mailing the summons to the person to be served at his or her last known residence . . ." Onewest Bank N.A. v. Elliott, No. 15 CV 4395, 2016 WL 3766062, at *2 (E.D.N.Y. May 23, 2016), report and recommendation adopted, 2016 WL 3746564 (E.D.N.Y. July 8, 2016) (citation omitted); see also N.Y. C.P.L.R. § 308(2).  "A person can have more than one dwelling house or place of abode. But for a location to qualify, it must contain 'sufficient indicia of permanence.'" Jianjun Chen v. WMK 89th St. LLC, No. 16 Civ. 5735, 2020 WL 2571010, at *8-9 (S.D.N.Y. May 20, 2020) (quoting Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d. Cir. 1991)) (imposing sanctions where counsel advanced meritless and bad-faith arguments that plaintiff could presume that defendant's usual place of abode was in Queens when plaintiff's counsel knew defendant had fled to Taiwan and had no evidence that defendant ever returned or would ever return).  Moreover, "[i]t is well established that the New

York statutory regime for service must be followed strictly." Hoffman v. Ighodaro, No. 16 Civ. 0155, 2016 WL 6093236, at *4 (S.D.N.Y. Sept. 28, 2016), report and recommendation adopted, 2016 WL 6092706 (S.D.N.Y. Oct. 18, 2016) (citations omitted).

While "[p]roof of such service may be established by a process server's affidavit, which is generally considered *prima facie* evidence . . . an affidavit may be insufficient proof when it fails to explicitly indicate how the process server knows that she is at the correct address or that the individual being served has authority to accept service." United States v. John, No. 18 CV 5045, 2020 WL 4915371, at *2 (E.D.N.Y. Aug. 21, 2020) (citations omitted). Moreover, in the context of a motion for a default judgment, the Court's "responsibility to ensure that a proper basis for relief exists . . . takes on added weight when analyzing service of process, which implicates due process considerations." Joe Hand Promotions, Inc. v. Dilone, No. 19 CV 871, 2020 WL 1242757, at *2 (E.D.N.Y. Mar. 16, 2020).

Here, despite being given multiple extensions of time to serve Sachakov, plaintiff has not filed sufficient proof that plaintiff properly served Sachakov with the summons and complaint under Rule 4(e) or N.Y. C.P.L.R. § 308(2). Although counsel for the Dazzling Events defendants provided two addresses for Sachakov, reporting that "[t]he address on the W-2 issued to Moshe Sachakov is 82-33 164th Place, Jamaica, NY," but also that "at Mr. Sachakov's request, the W-2 was mailed to 144 South Parliman Road, Lagrangeville, NY 12540," ECF No. 15, and although plaintiff directed the process server to serve Sachakov at both the Jamaica and Lagrangeville addresses, see ECF No. 16-1, plaintiff has filed a single affidavit of service for one address, see ECF No. 17 at 1.[16] The affidavit states that on May 15, 2020, at 4:30 p.m., Kenneth Barnes served on Sachakov the summons and complaint at "82-33 164 PL (PVT HOUSE) FLUSHING, NY

---

[16] Absent from the record is any proof that plaintiff attempted to effect service on Sachakov at the Lagrangeville address.

11366," by delivering them to "JOHN DOE (REFUSED NAME)," who is identified as a person of suitable age discretion.   ECF No. 17 at 1. The affidavit indicates that "Said premises is recipient's … dwelling house (usual place of abode) within the state," by checking a box for dwelling house. Id.   The affidavit also indicates that the summons and complaint were mailed to the Flushing address on May 16, 2020.  See id. (checking box No. 5 "MAIL COPY").

This purported proof of service is suspect for multiple reasons.   The Dazzling Events defendants' representation that Sachakov requested that his W-2 be mailed to another address in Lagrangeville, which is different from the address listed on the W-2, suggests that the Jamaica address on his W-2 was no longer Sachakov's dwelling or usual place of abode.   The affidavit contains no details to support how the server confirmed that the property was indeed Sachakov's correct dwelling or usual place of abode.   The affidavit merely notes service on a "John Doe," with no explanation of John Doe's relation to defendant, if any exists.   It is also troubling that the Queens neighborhood listed on the affidavit of service is Flushing—not Jamaica.   Compare ECF No. 17, with ECF No. 15 (stating that the address listed "on the W-2 issued to Moshe Sachakov is 82-33 164th Place, *Jamaica*, NY") (emphasis added).   In sum, based on the record, the Court cannot conclude that plaintiff properly served Sachakov.[17]   Accordingly, plaintiff's motion for a default judgment as to Sachakov should be denied.

C.  Plaintiff has Failed to Comply with Local Civil Rule 55.2

Moreover, plaintiff's motion fails to comply with the Court's Local Rules in multiple ways. First, plaintiff does not provide a proposed judgment. See Mot. Default J., ECF No. 25; Loc. Civ.

---

[17] Cf. Morse, 2013 WL 427177, at *1 ("The affidavit of service does not explicitly state that 2144 Rabbit Lane is defendant's dwelling place or usual place of abode, as required by Rule 4(e), or that it is defendant's actual place of business, dwelling place, or usual place of abode as required by section 308(2). Rather, after reciting delivery to 'John Doe', the affidavit states: 'Said premises is recipient's usual place of abode within the state'; it is not clear whether the 'recipient' is defendant or John Doe. Further, there is no manner of identifying the person to whom the summons and complaint were delivered.").

R. 55.2(b).  More importantly, plaintiff did not serve the default motion properly on either Sachakov or Royal Events.  Plaintiff did not attach to its motion a certificate of mailing.  <u>See</u> Mot. Default J., ECF No. 25. Rather, on October 20, 2020, ten days after electronically filing the motion on October 10, 2020, plaintiff filed an affidavit of service, Aff. Service, ECF No. 26, affirming that, on October 17, 2020, plaintiff mailed the motion to:

> Michael Sachakov
> 82-33 164 PL (PVT House)
> Flushing, NY 11366

This is not simultaneous mailing as required by the local rule, but more critically, the affidavit does not satisfy the Court that defendant Sachakov and Royal Events have received proper notice of the motion.  For the same reasons that I find personal jurisdiction lacking as to Sachakov, I am not satisfied that the above address is Sachakov's "last known residence." <u>See</u> Loc. Civ. R. 55.2(c). Moreover, there is nothing in the record that indicates that the above address is Royal Events' "last known business address."  <u>See</u> <u>id.</u>  Rather, the complaint and the Secretary of State Web site[18] indicate that the last known business address for Royal Events is 168-11 Union Turnpike, Fresh Meadows, NY 11366.  <u>Cf.</u> <u>Allstate Ins. Co. v. Abramov</u>, No. 16 CV 1465, 2019 WL 1177854, at *3-4 (E.D.N.Y. Feb. 21, 2019), <u>report and recommendation adopted,</u> 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (denying default motion where service of the motion was deficient as to individual and corporate defendants); <u>see also</u> <u>Chocolatl v. Rendezvous Cafe, Inc.</u>, No. 18 CV 03372, 2020 WL 1270891, at *2 (E.D.N.Y. Mar. 17, 2020) (citation omitted) ("Where a 'motion for default judgment was not served properly on [defendants,] . . . the motion must be denied with respect to these defendants.'") (alterations in original).

---

[18] <u>See</u> Compl. ¶ 10; Dep't of State, Div. of Corps., Corp. & Bus. Entity Database, *available at* https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (entry for "ROYAL EVENTS FLOWERS INC") (last visited Dec. 16, 2020).

Accordingly, plaintiff's motion for default judgment should be denied without prejudice as to defendants Sachakov and Royal Events for failing to comply with this Court's Local Rules. See Century Sur. Co. v. Atweek, Inc., No. 16 CV 335, 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."); United States v. Hamilton, No. 18 CV 2011, 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) (collecting cases), report and recommendation adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019) ("'[F]ailure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment.' . . . Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking.").

D.   Leave to Supplement

In sum, it is respectfully recommended that the Court should deny plaintiff's motion for a default judgment as to defendant Sachakov for lack of proper service of process and deny without prejudice plaintiff's motion for a default judgment as to defendant Royal Events for failure to properly serve the default motion.  However, in the event that plaintiff has additional proof of proper service that was not submitted, plaintiff should be granted fourteen days to file such evidence of valid service on Sachakov.  Any supplemental documentation that Sachakov was properly served shall be filed within fourteen days of the issuance of this Report.[19]

---

[19] Although I recommend denying the default motion due to defective service, I further note that plaintiff's complaint is riddled with errors and contains only conclusory allegations of enterprise coverage.  Moreover, plaintiff has not provided an adequate evidentiary basis for the damages she seeks.  Although plaintiff's estimate of her damages is adequate to allow the Court to assess and approve the settlement as to the Dazzling Events defendants under Cheeks, even if proof of proper service on Sachakov is submitted, plaintiff's damages are not sufficiently established to prevail on her motion for a default judgment.  Plaintiff's declaration is insufficient to establish damages with the requisite reasonable certainty against the Royal Events defendants.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant the parties' instant motion for settlement approval but should deny plaintiff's motion for a default judgment.  Plaintiff shall mail a copy of this Report to Royal Events' last known business address and to both addresses listed for Sachakov in Dazzling Events' April 15, 2020, letter, ECF No. 15. Plaintiff shall file proof of such mailing forthwith.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:  December 30, 2020
        Brooklyn, New York