UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                :

**YENIFFER ROMERO,**

                                :

                    Plaintiff,         :    **<u>MEMORANDUM DECISION</u>**

                                    **<u>AND ORDER</u>**

          **- against -**            :

                                   19-cv-05133 (AMD) (LB)

                                :

**DAZZLING EVENTS INC.,** *et al*,

                                :
-------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

On September 9, 2019, the plaintiff filed a complaint alleging violations of the Fair Labor Standards Act and New York Labor Law by Royal Events Flowers Inc., Michael Sachakov, Dazzling Events Inc. and Antonio Mourtil.  During a pre-motion conference on July 16, 2020, the plaintiff informed the Court that she had settled her claims against Dazzling Events and Mourtil.  I directed the parties to submit their settlement agreement to the Court for review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), which they did on September 24, 2020.  (ECF No. 21.)

Royal Events and Sachakov have not appeared in this action.[1]  On December 20, 2019, after three failed attempts at personal service, the plaintiff moved to serve Sachakov via WhatsApp.  (ECF No. 11.)  Magistrate Judge Lois Bloom denied this request but extended the plaintiff's deadline to serve Sachakov.  (*See* Minute Entry dated Dec. 26, 2019.)  During a March 26, 2020 conference, Judge Bloom again extended the plaintiff's time to serve Sachakov and ordered defendants Dazzling Events and Mourtil to provide the plaintiff with Sachakov's last

---

[1] Royal Events was served via the New York State Secretary of State on September 24, 2019, in accordance with New York Business Corporation Law § 306.

known W-2 address.  On April 15, 2020, Dazzling Events and Mourtil confirmed that the address on Sachakov's last W-2 was 82-33 164th Place, Jamaica, NY, but stated that Sachakov had asked for his W-2 to be mailed to a different address—144 South Parliman Road, Lagrangeville, NY. (ECF No. 15.)  On May 27, 2020, the plaintiff filed an affidavit of service stating that Sachakov had been served at the 164th Place address in Queens on May 15, 2020.  (ECF No. 17.)  The plaintiff did not file proof of service on Sachakov at the Lagrangeville address.  On October 6, 2020, the clerk entered a Certificate of Default against Sachakov and Royal Events (ECF No. 24), and on October 10, 2020, the plaintiff moved for a default judgment against both defendants (ECF No. 25).

I referred both the motion for settlement approval and the plaintiff's motion for default judgment to Judge Bloom for report and recommendation.  On December 30, 2020, Judge Bloom recommended that I grant the motion to approve the settlement but deny the plaintiff's motion for default judgment against Royal Events and Sachakov unless the plaintiff supplemented her proof of service within fourteen days of Judge Bloom's report.  No objections have been filed to the report and recommendation, and the time for doing so has passed.  Nor did the plaintiff file any additional documentation of service on Sachakov.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Jarvis v. N. Am. Globex Fund L.P.,* 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation omitted).

I have reviewed Magistrate Bloom's thoughtful report and recommendation and find no error.  Accordingly, I adopt the report and recommendation in its entirety and order that the settlement agreement between the plaintiff, Dazzling Events, and Mourtil be approved, and the motion for a default judgment against Royal Events be denied without prejudice for failure to comply with this Court's local civil rules for serving a default judgment motion.

As for defendant Sachakov, Judge Bloom gave the plaintiff an opportunity to provide additional proof that she had properly served him with the summons and complaint.  (ECF No. 27 at 18.)  The plaintiff did not offer any additional evidence of proper service; therefore, I dismiss the complaint against defendant Sachakov for lack of timely service pursuant to Federal Rules Civil Procedure 4(m).

No later than February 12, 2021, the plaintiff is directed to renew her motion for default judgment against Royal Events, in full compliance with Local Civil Rule 55.2 and the Federal Rules of Civil Procedure, or file a Notice of Voluntary Dismissal dismissing Royal Events and closing this action.  The plaintiff is directed to serve this order on defendants Royal Events and Sachakov at their last known address and file proof of service no later than January 27, 2021.


**SO ORDERED.**

                                    s/Ann M. Donnelly
                                  _____
                                  ANN M. DONNELLY
                                  United States District Judge

Dated: Brooklyn, New York
         January 25, 2021